**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

PATRICK ERVIN,                                    )
*on behalf of himself and other members of*       )
*the putative class*,                             )
                                                  )
                              Plaintiff,          )
        v.                                        )        No. 20-00266-CV-W-BP
                                                  )
TD AMERITRADE, INC., *et al.*                     )
                                                  )
                              Defendants.         )

## ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT AND DIRECTING NOTICE TO THE CLASS

The Court has considered Plaintiff's Unopposed Motion for Preliminary Settlement Approval, and all supporting documents thereto (collectively, the "Motion") and the Settlement Agreement dated as of July 18, 2022 (the "Settlement Agreement"). The Motion (Doc. 115), is **GRANTED**, and the Court rules as follows:

1. The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in the above-captioned action (the "Action"). The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

2. The Parties have agreed to settle the Action, subject to Court approval following Notice to the Class, upon the terms and conditions set forth in the Settlement Agreement that has been filed with the Court. Based on the Court's review of the Settlement Agreement, the Motion, and the proceedings to date in this action, the Court finds that the Settlement appears to be the result of serious, informed, extensive, non-collusive arms-length negotiations between Class Counsel and counsel for Defendant over the course of several weeks.

3.      The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4.      The Court approves, as to form and content, the proposed Long Form Notice and Summary Notice that are attached to the Settlement Agreement.  The Court finds that the Notice Plan prescribed in the Settlement Agreement, including the Notice Plan and forms of Notice, meet the requirements of the Federal Rules of Civil Procedure, comply with the requirements of the Constitution of the United States, and all other applicable laws.  Such Notice Plan is the best notice practicable under the circumstances and shall constitute due and sufficient notice.

5.      Nothing in this Order shall constitute or be construed as an admission on the part of the Defendant in this Action that any proposed or certified class action, other than in context of this Settlement, is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule, or common law.

6.      The Final Approval Hearing shall be held before this Court on December 9, 2022, at 10:00 a.m., at the United States District Courthouse in Kansas City, Missouri, to determine whether the Settlement Agreement is fair, reasonable, and adequate and should receive final approval.  The Court will consider any validly-submitted objections at that hearing.  The Court will also rule on Class Counsel's application for the Fee and Expense Award at that time.

7.      The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.  After the Final Approval Hearing, the Court may enter a Final Approval Order in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members with respect to the claims being settled.

8.     Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

9.     The Court hereby approves and adopts the procedures, timelines, deadlines, and manner governing all requests to be excluded from the Class, or for objecting to the proposed Settlement, as provided for in the Settlement Agreement.

10.     Any Class Member who wishes to object to the Settlement must submit an objection in writing.  The objection must include: (1) the objector's name, address, and email address; (2) an explanation of the basis upon which the objector claims to be a Class Member; (3) all grounds for the objection, including all citations of legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing or advising the objector; and (5) whether the objector intends to appear at the Final Approval Hearing either personally or through counsel.  Objections must (a) clearly identify the case name and number (i.e., "*Ervin v. TD Ameritrade Holdings Corp.*, Case No. 20-00266-CV-W-BP"), (b) be submitted only to the Court by mailing them to the Clerk of the Court, United States Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, and (3) be filed or postmarked on or before the Objection and Exclusion Deadline (set below).  Any attorney hired by an objector that wishes to appear and speak at the Final Approval Hearing must file a Notice of Appearance with the Court and serve it on all parties no later than ten (10) business days before the Final Approval Hearing.

11.     Any Class Member who does not file a valid and timely written objection in accordance with the procedures identified herein and in the Settlement Agreement Section 5.1

3

shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order by appeal or other means.

12.     Any Class Member who seeks to be excluded from the Settlement must submit a Request for Exclusion in writing and include: (1) the requestor's name, address, and email address; (2) the requestor's physical signature; (3) the requestor's TD Ameritrade account number; (4) the name and number of this lawsuit ("*Ervin v. TD Ameritrade Holdings Corp.*, Case No. 20-00266-CV-W-BP"); and (5) a statement that the requestor wishes to be excluded from the Settlement.  The Request for Exclusion must be postmarked by the Objection and Exclusion Deadline (see below) and must be mailed to the address that the Settlement Administrator will establish and include in the Notice.

13.     All Persons in the Class who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

14.     For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following dates and deadlines:

       a.    The Settlement Administrator shall commence the Notice Plan thirty (30) days from entry of this Preliminary Approval Order, August 25, 2022, and dissemination of the Summary Notice shall conclude on the Notice Date, which shall be sixty (60) days after the date of this Preliminary Approval Order, September 26, 2022.

4

b. The Objection and Exclusion Deadline shall be sixty (60) calendar days following the Notice Date, November 25, 2022; and

c. Class Counsel shall file any motion for a Fee and Expense Award, along with any papers supporting the motion, with the Court on or before thirty-five (35) calendar days before the Objection and Exclusion Deadline, October 21, 2022.

15. All Settlement Administration Expenses shall be paid by the Defendant as contemplated by the Settlement Agreement.

16. The Court hereby finds that Rust Consulting has the necessary qualifications and experience to serve as Settlement Administrator in this case, and hereby appoints Rust Consulting as Settlement Administrator for this Settlement. Rust Consulting shall be subject to the jurisdiction of the Court with respect to the administration of the Settlement and shall perform all of the duties of the Settlement Administrator set forth in the Settlement Agreement.

17. If for any reason a Final Approval Order as contemplated in the Settlement Agreement is not entered or the Settlement Agreement is terminated pursuant to its terms, the following shall apply:

a. All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

b. All of the Court's prior orders having nothing whatsoever to do with the approval of the Settlement Agreement shall, subject to this Order, remain in

5

force and effect, subject to extensions or modifications of deadlines as appropriate under the circumstances and in the Court's discretion; and

c.  Nothing in this Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the Settlement Administration process, shall be used as evidence in any further proceeding in this case or in any other action, proceedings, or matter, whether civil, criminal, or administrative.

18.  Class Counsel's motion for a Fee and Expense Award will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's motion for a Fee and Expense Award, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement Agreement.

19.  Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
Date: July 25, 2022                    UNITED STATES DISTRICT COURT