IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KATHRYN ERVIN,  )
*on behalf of herself and other members of*  )
*the putative class*,  )
  )
          Plaintiff,  )
  )
v.  )   No. 20-00266-CV-W-BP
  )
TD AMERITRADE, INC., *et al.*,  )
  )
          Defendant.  )

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND MOTION FOR ATTORNEYS' FEES

Pending is the parties' motion for final approval of the class settlement and Plaintiffs' motion for attorney fees. For the following reasons, the motions are **GRANTED**.

## I. BACKGROUND

This case concerns allegations that TD Ameritrade,[1] a brokerage firm which enabled users to buy and sell stock online, improperly issued "substitute payments" rather than qualified dividends to certain customers, depriving them of more favorable tax treatment.

In June 2021, after extensive motion practice, Plaintiff filed a motion for class certification. (Doc. 89.) The Court granted the motion, certifying a class consisting of, essentially, all customers who received a substitute payment in lieu of a qualified dividend within the class period. (*See* Doc. 109; *see also* Docs. 98 & 107.) In July 2022, the parties settled and filed a joint motion for preliminary approval of the settlement and notice plan. (Doc. 115.) The Court granted the motion, directed that notice be distributed to the class, and set a Final Approval Hearing for December 9, 2022. (Doc. 116.)

---

[1] TD Ameritrade, Inc., TD Ameritrade Clearing, Inc., and TD Ameritrade Holding Corp. are named in this suit. For ease of discussion, the Court will refer to these entities "TD Ameritrade" or "Defendants."

The Settlement Agreement, (Doc. 115-1), provides that Defendants shall create a settlement fund consisting of $1,400,000.00, which will be distributed on a pro rata basis to all class members who received a substitute payment from TD Ameritrade during the class period. (*See* Doc. 115-1, pp. 8, 11-12.) The settlement fund represents approximately 13.52% of the total value of the substitute payments issued by TD Ameritrade during the relevant period; moreover, under the Settlement Agreement, 100% of the settlement fund will be distributed to class members via a physical check, with the specific amount of each payment determined after the precise number of participating class members is ascertained. (*See* Doc. 115-1, pp. 11-12.) To the extent that any money remains in the settlement fund 90 days after the checks are issued (because, for example, some class members decide not to cash the checks), that money will be paid to a non-profit residual recipient, the Boys & Girls Clubs of America. (Doc. 115-1, pp. 5, 13.)

Under the Settlement Agreement, Defendants agreed to provide the Settlement Administrator with the last-known contact information, including both email and mailing addresses, for all TD Ameritrade customers who received a substitute payment during the class period, if Defendants possessed such information. (Doc. 115-1, pp. 14-15.) The Settlement Administrator then emailed the Summary Class Notice to all class members with valid email addresses; for members without valid email addresses, the Settlement Administrator sent the Summary Notice via physical mail to the members' last-known address. (Doc. 115-1, pp. 15-16.) In addition, the Settlement Administrator maintained a website that included the Long Form Notice and provided a telephone number, email account, and mailing address to field questions from class members about the class action. (Doc. 115-1, p. 16.) All class members who wished to object to the settlement or opt-out of the class were informed of the procedure for doing so via the class notices. (*See* Doc. 115-1, pp. 17-18.)

The Court held a final approval hearing on December 9, 2022, at which the parties discussed the settlement. No class members objected to, or chose to opt out of, the settlement. Consequently, for the reasons and in the manner discussed below, the Court grants final approval of the settlement and grants Plaintiff's request for attorneys' fees for class counsel.

## II. DISCUSSION

Having considered the submissions of the parties and the matters discussed at the final approval hearing, the Court **FINDS** and **ORDERS** as follows:

1. Unless otherwise provided, all terms used herein shall have the same meaning as provided in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members.

3. The Court previously certified a Class, (Doc. 109), defined as follows:

All persons and entities who entered into an Institutional Client Agreement with TD Ameritrade and, during the time period from February 19, 2015 through the present, received a substitute payment from TD Ameritrade in lieu of a qualifying dividend without also receiving a premium payment. Excluded from the class are all judicial officers presiding over this or any related case. The class definition also excludes all officers and employees of TD Ameritrade.

4. The Court previously appointed Kathryn Ervin as the Class Representative. (Doc. 109.)

5. The Court previously appointed David Marcus of Bartle & Marcus LLC and Jared Rose of The Law Office of Jared A. Rose as Class Counsel. (Doc. 109.)

6. The Court finds that the Notice Plan implemented pursuant to the Settlement Agreement has been completed in conformity with the Court's Preliminary Approval Order. It finds that the Notice was the best practicable under the circumstances and provided due, adequate, and sufficient notice of the proceedings and of the terms of the Settlement Agreement to Class

Members, including the pendency of this Action, the right to object to any aspect of the Settlement, the right to exclude themselves from the Class, and the right to appear at the Final Approval Hearing. The Court finds that the Notice fully satisfied applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court. It also finds that all Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, all Class Members wishing to be heard have been heard, and all Class Members have had a full and fair opportunity to exclude themselves from the Class.

7. The Court—having preliminarily approved this Settlement, conducted a Final Approval Hearing, and considered the submissions presented with respect to the Settlement of the claims asserted in this litigation—hereby grants final approval of the Settlement and finds the Settlement is fair, adequate, reasonable, in the best interests of the Class Members, and a resolution of a bona fide dispute in contested litigation. The Class Representative and Class Counsel adequately represented the Class for purposes of entering and implementing the Settlement Agreement. There is no fraud or collusion underlying the Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several weeks involving experienced counsel. The complexity, expense, likely duration, and risk involved in further litigation favor the Settlement, which provides definite, meaningful benefits to Class Members on a much shorter time frame than otherwise possible. Based on the stage of the proceedings, including the filing of multiple significant motions and the amount of investigation and discovery conducted, the Parties have developed an informed perspective on the strengths and weaknesses of their respective cases to make an informed decision about settlement. The Court finds that the Settlement is reasonable considering the risk inherent in continuing with litigation and the defenses raised. It further finds that the Settlement Agreement provides an effective method of distributing

the Settlement Fund to Class Members, which treats Class Members equitably relative to each other. The Court also finds that the distribution of unclaimed funds to the Non-Profit Residual Recipient is appropriate. As such, the Court directs the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions.

8. The Releases set forth in Section 7 of the Settlement Agreement are expressly incorporated herein in all respects and are deemed part of this Final Approval Order. This Final Approval Order will be binding on all Class Members and their respective heirs, successors, and assigns, and has a preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and the Releasing Parties with respect to the Released Claims and the Released Parties. All Class Members who have not properly sought exclusion from the Class are permanently barred from commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action or proceeding based on the Released Claims. Accordingly, it is hereby determined that each Class Member shall be bound by the terms and provisions of the Settlement Agreement and this Final Approval Order.

9. All claims against Defendants are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

10. The Settlement is not an admission by Defendants or the Released Parties, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or the Released Parties. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, may be construed as or may be used as an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or the Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order (1) in a proceeding to consummate or enforce the Settlement or this

Order, (2) to defend against the assertion of Released Claims in any other proceeding, or (3) as otherwise required by law.

11. The Court has evaluated Plaintiff's request for fees in the amount of $490,186.00, representing one third of the settlement fund and administrative expenses. (Doc. 118, p. 7.) When considering a fee request in a class action settlement, the Court may use a percentage of the benefit approach, which "permits an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation." *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017) (quotation omitted). In assessing whether to approve class counsel's request for a percentage of the benefit, the Court must assess factors such as (1) the novelty and difficulty of the questions, (2) the amount of money involved, (3) the results obtained, (4) the time and labor required, and (5) the experience, reputation, and ability of the attorneys. *See, e.g.*, *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019). Here, given the novel legal questions this case presented, the relatively large amount of money involved, the good results obtained for the class, the extensive motion practice that required considerable time and effort by both sides, and the experience and reputation of class counsel, the Court finds that an award of attorneys' fees and expenses in the total amount of $490,186.00 (representing one third of the settlement fund and administrative expenses) to Class Counsel is fair and reasonable, and therefore approves such award. No other counsel shall be entitled to an independent award of attorneys' fees or expenses.

12. Consummation of the Settlement shall proceed as described in the Settlement Agreement. Without affecting the finality of this Final Approval Order for the purposes of appeal, this Court will retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

## III. CONCLUSION

For these reasons, and as discussed above, the parties' motion for final approval and Plaintiff's request for attorney fees are **GRANTED**.

**IT IS SO ORDERED.**

Date: <u>December 9, 2022</u>

<u>/s/ Beth Phillips</u>
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT